IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,686-01






EX PARTE FREDERICK O'NEAL SCOTT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 98-9-9114 IN THE 24TH JUDICIAL DISTRICT COURT OF
DEWITT COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant pleaded guilty
to the offense of deadly conduct, and punishment was originally assessed at seven years'
deferred adjudication community supervision. Applicant's guilt was later adjudicated, his
community supervision revoked, and his sentence set at ten years' confinement. Applicant
filed a notice of appeal, but his appeal was dismissed for want of jurisdiction. Scott v. State 
No. 13-01-512-CR (Tex. App. --Corpus Christi, delivered August 22, 2002, no pet.)

 Applicant contends that he was denied due process in the adjudication proceedings,
because the trial court denied his motion for a jury trial on the question of competency. He
also alleges that his original plea of guilty was not knowingly and voluntarily entered,
because he was not competent at the time of the plea. 

 Applicant further alleges that his appointed counsel at the original trial and at
adjudication were ineffective. He alleges that his trial counsel was ineffective for failing to
pursue the issue of Applicant's lack of competency despite counsel's knowledge of
Applicant's history of psychological problems. Counsel at adjudication was ineffective,
according to Applicant, for failing to properly object to the trial court's decision to conduct
a non-jury hearing on competency. Finally, Applicant alleges that appellate counsel was
ineffective for filing only a general notice of appeal despite the fact that the trial court had
given Applicant permission to appeal after adjudication. Counsel's error, according to
Applicant, was responsible for the court of appeals' finding that it lacked jurisdiction to
consider his appeal.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from trial counsel, adjudication counsel, and appellate counsel,
or it may order a hearing. In the appropriate case the trial court may rely on its personal
recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact,
first as to whether there was any indication at the time of Applicant's original plea that he
was not competent to enter the plea. If trial counsel was aware of any such indication, the
trial court shall make findings as to why no competency determination was requested. 

 The court shall also make findings of fact as to what was the basis of the court's
decision that Applicant was not entitled to a jury trial on the question of competency. The
trial court shall supplement the record with copies of any documents upon which it relied in
making this determination, and with a copy of the transcript of the pre-adjudication hearing. 
 The trial court shall also make factual findings as to who represented Applicant at the
time of the pre-adjudication hearing on competency, and as to what steps that attorney took
to ensure that Applicant's competency was properly determined prior to the adjudication of 
guilt. If counsel failed to object to the trial court's determination that Applicant was not
entitled to a jury trial on the question of competency, the trial court shall make findings as
to the reasons for this failure.

 Finally, the trial court shall make findings of fact as to whether the trial court gave
Applicant permission to appeal his conviction after adjudication. If the court did grant
permission to appeal, the court shall make findings as to why appellate counsel filed only a
general notice of appeal. If the trial court did not grant Applicant permission to appeal, the
court shall enter findings as to whether there were specific issues raised by written motion
and ruled on before trial which could have formed the basis for an appeal, and if so, again,
why appellate counsel failed to include this information in the notice of appeal. 

 The trial court should also make any further findings of fact and conclusions of law
it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 7th DAY OF June, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.